NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA LEE, on behalf of herself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>CARTER-REED COMPANY, L.L.C., a/k/a THE CARTER REED COMPANY, BASIC RESEARCH, L.L.C., DG ENTERPRISES, INC., ALPHAGENBO TECH, L.L.C., COVARIX, L.L.C, BODY INNOVENTIONS, L.L.C., BYDEX MANAGEMENT L.L.C, WESTERN HOLDINGS, LLC, DENNIS W. GAY, and NATHALIE CHEVREAU,<br><br>Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-cv-1173(DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

This matter comes before the Court upon motion by Melissa Lee, on behalf of herself and all others similarly situated ("Plaintiffs") Motion to Remand, Defendants Carter-Reed Company, L.L.C., The Carter Reed Company, Basic Research L.L.C., DC Enterprises, Inc., Alphagenbo Tech, L.L.C., Body Forum, L.L.C., Body Innoventions, L.L.C., Covarix, L.L.C., Covaxil Laboratories, L.L.C., Bydex Management, L.L.C., Western Holdings, L.L.C., Dennis W. Gay, Nathalie Chevreau ("Defendants") Motion to Transfer Venue, Plaintiffs' Rule 11 Motion for Sanctions, and Defendants' Cross-Motion for attorneys' fees and costs. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(I), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that

Plaintiffs' Motion to Remand is **granted**, and Defendants' motions are **denied**.

## I.  BACKGROUND

This case was commenced on November 10, 2004, when Plaintiffs filed a putative nationwide class action against the makers of Relacore in the Superior Court of New Jersey, Law Division, Union County.  At the time of filing, complete diversity did not exist because both defendant Western Holdings, L.L.C. and named plaintiff Wayne Shrock were residents of Wyoming.  After exchanging interrogatories, Defendants moved for an order seeking the withdrawal of Plaintiffs' broad nationwide interrogatories and sought to have the case limited solely to New Jersey Relacore users.  Counsel for Plaintiffs advised the judge that in order to avoid further delays Plaintiffs would not oppose this motion.  Plaintiffs submitted an amended complaint, narrowing the class to only New Jersey plaintiffs.  The judge granted Defendants' motion on February 21, 2006.  Thereafter, on March 10, 2006, Defendants filed a Notice of Removal with the state court.

## II.  DISCUSSION

The merits of Plaintiffs' motion to remand hinges on two issues.  First, this Court must determine whether Defendants are allowed to remove a case after the expiration of the 28 U.S.C. § 1446(b) one-year limit where complete diversity was created when Plaintiffs eliminated a named party more than one year after the original action was filed.  Second, the Court must determine whether there should be equitable exceptions to the § 1446(b) one-year limitation on removal.

### A.  28 U.S.C. § 1446(b) Limitation on Removal

Plaintiffs argue that the plain language of 28 U.S.C. § 1446(b) does not allow for removal more than one year after the commencement of the action.  The statute states in relevant part that:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that*

> *a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).  Defendant argues that the enactment of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, § 2, 119 Stat. 4 (2005), calls into question whether removal statutes are to be strictly construed in favor of removal in a putative class action, like the one here.  See Steel Valley Auth. v. Union Switch and Signal Div., 908 F.2d 1006, 1010 (3d Cir. 1987).  Specifically, Defendants argue that pursuant to CAFA, plaintiffs bear the burden of demonstrating that removal was inappropriate.  Contrary to Defendants' argument, courts have held that the passage of CAFA does not alter a defendant's burden to prove the propriety of removal.  See Morgan v. Gay, No. 06-1371, 2006 WL 2265302, at *3 (D.N.J. Aug. 7, 2006) (slip op.); Beegal v. Park W. Gallery, No. 05-5625, 2006 WL 2645123, at *1-2 (D.N.J. Sept. 14, 2006) (slip op.) (citing Miedema v. Maytag Corp., 450 F.3d 1332, 1329-30 (11th Cir. 2006); Abrego v. Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 448 (7th Cir. 2005)).

To defeat Plaintiffs' motion for remand, Defendants, not Plaintiffs, bear the burden of showing that exercise of this Court's jurisdiction over the instant matter is appropriate.  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985).  If there is any doubt as to the propriety of exercising jurisdiction, this Court must resolve it in favor of remanding the case to state court.  Id.

### B.      The Voluntary-Involuntary Rule

Additionally, Defendants argue that removal is appropriate because Plaintiffs voluntarily dismissed the non-diverse plaintiff in this case.  To address Defendants' argument, this Court must resolve (1) whether the voluntary-involuntary rule applies to § 1446 in its current form; and (2)

3

whether the voluntary-involuntary rule allows a defendant to remove after the one-year limitation found in § 1446(b).

The voluntary-involuntary rule was first articulated by the Supreme Court in Powers v. Chesapeake & Ohio R.R. Co., 169 U.S. 92 (1889). In Powers, the Court held that an action becomes removable to federal court on diversity grounds whenever the plaintiff voluntarily creates diversity for the first time, even if the removal occurs just before trial. Id. at 98. Other circuits have repeatedly upheld this rule over the past century, holding that the rule has survived the 1949 amendment to 28 U.S.C. § 1446. See Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 40 n. 2 (2d Cir. 1980); In re: Iowa Mfg Co. of Cedar Rapids, 747 F.2d 462 (8th Cir. 1984) (per curiam); Self v. Gen. Motors Corp., 588 F.2d 655 (9th Cir. 1978); DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979); Insigna v. LaBella, 845 F.2d 249, 252 (11th Cir. 1988). However, the one-year limitation at issue in this case was added in the 1988 amendment to § 1446, as part of the Judicial Improvements and Access to Justice Act, P.L. 100-702, § 1016, 102 Stat. 4642 (1988). The Third Circuit has yet to directly address whether the voluntary-involuntary rule still applies after the 1988 amendment. However, because the plain language of the statute purports to bar removal of any case more than one year after the commencement of the action, § 1446(b) appears to supercede case law holding that removal may occur any time that complete diversity is created.

Both Plaintiffs and Defendants assume that if the voluntary-involuntary rule survives the 1988 amendment, the rule necessarily supplants the statutory one-year limitation on removal. However, even if the rule survived the 1988 amendment, it is not clear that the rule operates to contravene the § 1446(b) one-year limitation on removal. As the court explained in Pender v. Bell

Asbestos Mines, Ltd., the voluntary-involuntary rule advances two important policies:

> First, it contributes to judicial economy, because after an involuntary removal, the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court.  Second, it recognizes the general principle of deference to the plaintiff's choice of forum.  Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be inappropriately forced out of state court without his consent.

46 F. Supp. 2d 937, 940-41 (E.D. Mo. 1999) (citations omitted).  Honoring the dual policies of judicial efficiency and deference to a plaintiff's choice of forum, it appears that the voluntary-involuntary rule should operate in conjunction with the 1988 amendment to act as a "modest curtailment" to removal jurisdiction. H.R. REP. NO. 100-1889, at 72, (1988), as reprinted in, 1988 U.S.C.C.A.N. 5982, 6032.  To hold that a defendant could remove as long as the plaintiff voluntarily created a removable configuration of parties at some point before trial would strip the statute of its effect.  Bearing in mind that removal statutes are to be strictly construed in favor of remand, the voluntary-involuntary rule should not be expanded to the point that it would nullify an act of Congress.

In this case, Plaintiffs voluntarily narrowed the putative class, creating a removable configuration of the parties, however, this amendment to the complaint occurred more than a year after the action was commenced.  This Court will not apply the voluntary-involuntary rule to allow removal more than one year after the action was commenced, in contravention of the plain language of 28 U.S.C. § 1446(b).

**C.     Equitable Exceptions to § 1446(b)**

The Third Circuit has not directly addressed the issue of whether there should be any

equitable exceptions to the one-year limitation on removal. In other circuits, some courts have held that the plain language of § 1446(b) precludes equitable exceptions, while other courts have held that § 1446(b) is amenable to manipulation by plaintiffs and, as such, equitable exceptions should be granted in such cases. Stein v. Bayer Corp., No. 05-2476, 2005 WL 2000143, at *2 (D.N.J. Aug. 18, 2005). Courts holding that the one-year limitation is subject to equitable exceptions reason that the limitation is a procedural, not jurisdictional, bar. See Shiver v. Sprintcom, Inc., 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001); Tedford v. Warner Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003). On the other hand, cases holding that the one-year limitation is not subject to equitable exceptions have characterized the limitation as jurisdictional. Whisenant v. Roach, 868 F. Supp.177, 178 (S.D. W. Va. 1994) ("the one-year cap of § 1446(b) is recognized to be a jurisdictional limitation that should be rigidly observed to prevent removal of diversity cases that have been pending in state court for more than one year") (citations omitted). See also Bearup v. Cincinnati Milacron, No. 01-74455, 2002 WL 482548 (D. Mich. 2002); Jenkins v. Sandoz Pharms. Corp., 965 F. Supp. 861, 869 (N.D. Miss. 1997); Rashid v. Schenck Constr. Co., 843 F. Supp. 1081, 1088 (S.D. W. Va. 1993).

     Even though the Third Circuit has not specifically addressed whether there are equitable exceptions to the one-year limitation on removal, it has resolved the issue of whether the one-year limitation is a procedural bar or a jurisdictional bar. In Ariel Land Owners, Inc. v. Dring, the Third Circuit held that the one-year limitation on removal is a procedural limitation, not a jurisdictional one. 351 F.3d 611, 614-16 (3d Cir. 2003) (citing Tedford, 327 F.3d at 426-27 & n.8). Flowing from this decision, it appears that taking equitable exceptions to the one-year bar may be appropriate because, unlike jurisdictional bars, courts are free to take equitable exceptions to procedural bars.

In fact, Plaintiffs admit that the one-year limitation is similar to a statute of limitations, which is a procedural bar and to which courts may make equitable exceptions.

Nevertheless, even if a court may recognize equitable exceptions to the § 1446(b) one-year limitation on removal in some cases, Defendants do not make a sufficient showing that this Court should make an equitable exception here. Equity does not compel this Court to allow removal more than one year after the action was commenced. Defendants assert that Plaintiffs named a token Wyoming plaintiff, Wayne Shrock, simply to defeat complete diversity since Western Holdings, a defendant corporation, is organized under the laws of Wyoming. However, Defendants tellingly stop short of asserting that Plaintiffs did so fraudulently, since such an assertion bears a "heavy burden of persuasion." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (citation omitted). There are no facts that would suggest that Mr. Shrock or Western Holdings were included in the complaint solely to destroy diversity. On the contrary, the original complaint states that Wayne Shrock purchased Defendants' product, relied on their claims about the product, and took the product for approximately two weeks before he found that it did not work as advertised. Likewise, the complaint alleges that Western Holdings is the corporation that registers trademarks for Relacore and its sister products. Since defendants offer no reason why these parties are not proper parties to this case, other than the bald assertion that Wayne Shrock was a token plaintiff, there is no equitable reason why the one-year limitation should be contravened.

Defendants also argue that Wayne Shrock was a token plaintiff because he was dropped in the amended complaint that was served over a year after the action was commenced. This assertion is also insufficient to warrant an equitable exception because Plaintiffs narrowed the potential class

only in response to a motion by Defendants to strike Plaintiffs' nationwide interrogatories. Plaintiffs agreed to narrow the putative class to avoid further delay in the proceedings and Defendants have shown nothing to rebut that assertion. Plaintiffs also eliminated the other remaining plaintiffs from other states in their amended complaint, resulting in a putative class of New Jersey plaintiffs.

On these facts, Defendants simply do not overcome the burden of persuasion necessary to support their assertion that they are entitled to an equitable exception to the § 1446(b) one-year limitation. Bearing in mind that removal statutes are to be strictly construed, Steel Valley Auth., 809 F.2d at 1010, that the plaintiff is the master of his complaint, Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987), and the sparing circumstances under which a court can allow equitable exceptions to procedural bars, this Court does not find that Defendants are entitled to an equitable exception in this case. For the foregoing reasons, it is the opinion of this Court that this action should proceed in New Jersey state court and Plaintiffs' motion to remand is granted. Accordingly, Defendants' motion to transfer venue is rendered moot and it hereby denied.

### D.     Plaintiffs Rule 11 Motion and Defendants' Cross-Motion For Fees And Costs

Plaintiffs state that Defendants' removal in this case was frivolous and improper, arguing that Defendants (1) failed to apprehend the current state of the law regarding the voluntary-involuntary rule; and (2) did not meet the legal certainty test regarding the calculation of damages. Defendants counter that the Rule 11 motion itself is frivolous and that they should be awarded attorneys' fees and costs associated in defending he motion. Both of these arguments are unconvincing. This Court declines to award Rule 11 sanctions to Plaintiffs because Defendants had a colorable claim for removal. Mellon Bank Corp. v. First Union Real Estate Equity & Mortgage Inv., 951 F.2d 1399,

1413-14 (3d Cir. 1991); <u>Mints v. Educ. Testing Serv.</u>, 99 F.3d 1253, 1261 (3d Cir. 1996). This Court also declines to award attorneys' fees and costs to Defendants because they did not properly submit a Rule 11 motion seeking fees and costs. Accordingly, both motions are denied.

### III.   CONCLUSION

For the reasons stated above, it is the decision of the this Court that Plaintiffs' motion to remand is **granted** and Plaintiffs' Rule 11 motion is **denied**. An appropriate Order accompanies this Opinion.

                                                 S/ Dennis M. Cavanaugh
                                                 Dennis M. Cavanaugh, U.S.D.J.

Date:         December   4  , 2006
Orig.:        Clerk
cc:           Counsel of Record
               The Honorable Mark Falk, U.S.M.J.
               File