NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA LEE, on behalf of herself and all others similarly situated :<br><br>Plaintiffs, :<br><br>v. :<br><br>CARTER-REED COMPANY, L.L.C., a/k/a THE CARTER REED COMPANY, BASIC RESEARCH, L.L.C., DG ENTERPRISES, INC., ALPHAGENBO TECH, L.L.C., COVARIX, L.L.C, BODY INNOVENTIONS, L.L.C., BYDEX MANAGEMENT L.L.C, WESTERN HOLDINGS, LLC, DENNIS W. GAY, and NATHALIE CHEVREAU, :<br><br>Defendants. : | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-cv-1173(DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants Carter-Reed Company, L.L.C., The Carter Reed Company, Basic Research L.L.C., DC Enterprises, Inc., Alphagenbo Tech, L.L.C., Body Forum, L.L.C., Body Innoventions, L.L.C., Covarix, L.L.C., Covaxil Laboratories, L.L.C., Bydex Management, L.L.C., Western Holdings, L.L.C., Dennis W. Gay, Nathalie Chevreau ("Defendants") for reconsideration of this Court's December 4, 2006 Opinion remanding this case and for a stay. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion for Reconsideration and for a stay is **denied**.

## I.     BACKGROUND

This case was commenced on November 10, 2004, when Plaintiffs filed a putative nationwide class action against the makers of Relacore in the Superior Court of New Jersey, Law Division, Union County. At the time of filing, complete diversity did not exist because both defendant Western Holdings, L.L.C. and named plaintiff Wayne Shrock were residents of Wyoming. After exchanging interrogatories, Defendants moved for an order seeking the withdrawal of Plaintiffs' broad nationwide interrogatories and sought to have the case limited solely to New Jersey Relacore users. Counsel for Plaintiffs advised the judge that in order to avoid further delays Plaintiffs would not oppose this motion. Plaintiffs submitted an amended complaint, narrowing the class to only New Jersey plaintiffs. The judge granted Defendants' motion on February 21, 2006. Thereafter, on March 10, 2006, Defendants filed a Notice of Removal with the state court.

On April 7, 2006 Plaintiffs moved to remand this case to the Superior Court of New Jersey, Law Division, Union County. This Court entered an Opinion and Order on December 4, 2006 granting Plaintiffs' motion to remand. This Court found that remand was proper because Defendants' removal was not timely due to the fact that Defendants removed the action after the expiration of the 28 U.S.C. § 1446(b) one-year limit. Furthermore, this Court found that Defendants did not make a sufficient showing that this Court should make an equitable exception and allow removal when the one-year limit had expired.

## II.    DISCUSSION

### A.    Standard of Review

Motions for reconsideration in this District are governed by Local Civil Rule 7.1(g). See U.S.

v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A motion pursuant to Local Rule 7.1(g) may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993). Such relief is "an extraordinary remedy" that is to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

### B. Jurisdiction to Review Remand Order

When a case is remanded pursuant to § 1447(c), a District Court lacks jurisdiction to reconsider its remand order once a certified copy of the remand order has been sent to the state court. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 226 (3d Cir.1995) ("Thus, where the bar of § 1447(d) applies our precedent suggests a district court would lack jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to the state court."); see also Greco v. Beccia, No. 99-cv- 2136, 2001 WL 619143, *4 (M.D. Pa. June 6, 2001); New Orleans Public Service, Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986) (per curiam).

Even though it was not cited in the remand order, the instant action was remanded to State Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. §1447(c) because this Court remanded this action based on a "defect other than subject matter jurisdiction." Specifically, the "defect" committed by Defendants in failing to comply with the one-year limitation for removal set forth in 28 U.S.C. § 1446(b). A certified copy of the Court's Order of Remand was sent to the Superior Court of New Jersey, Union County, on December 6, 2006. Defendants did not file this Motion for Reconsideration until December 19, 2006. As such, pursuant to 28 U.S.C. §1447(d), this Court lacks jurisdiction to decide Defendants' motion for reconsideration.

**III.**   CONCLUSION

For the reasons stated above, it is the decision of the this Court that Defendants' motion for reconsideration and stay is **denied**.   An appropriate Order accompanies this Opinion.

                                                   S/ Dennis M. Cavanaugh
                                                  Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | January   9  , 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |